UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO 08-81535-CIV-MARRA/JOHNSON

FDIC as Receiver for Ameribank, Inc.,

    Plaintiff,

v.

BRISTOL HOME MORTGAGE LENDING,
LLC, a Florida Limited Liability Company,

    Defendant.
_____/

BRISTOL HOME MORTGAGE LENDING,
LLC,

    Counter-Plaintiff/Third-Party Plaintiff,

v.

FDIC as Receiver for Ameribank, Inc.,

    Counter-Defendant

&

JAMES SUTTON, DAVID HARTMAN and
JACK BALDINI,

    Third-Party Defendants.
_____/

## ORDER AND OPINION

THIS CAUSE comes before the Court on the Motion of Plaintiff/Counter-Defendant FDIC as Receiver for Ameribank, Inc. ("FDIC") to Dismiss the Counterclaim filed by Defendant/Counter-Plaintiff/Third-Party Plaintiff Bristol Home Mortgage Lending, LLC's ("Bristol") (DE

1

14), filed February 3, 2009. The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

**Background**

On or about June 23, 2008, Ameribank initially filed its Complaint against Bristol in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Ameribank filed an Amended Complaint on August 5, 2008. On or about September 19, 2008, Ameribank was closed by the Office of Thrift Supervision and the FDIC was appointed as Receiver. On December 16, 2008, the State Court entered an agreed Order whereby the FDIC was substituted as Receiver for Ameribank. Thereafter, on December 18, 2008, the subject action was removed to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441. DE 1.

On or about February 3, 2009, Bristol filed its Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint in the above-styled matter. DE 11. Within that pleading, Bristol has filed a counterclaim for damages for breach of contract and negligent misrepresentation against the FDIC as Receiver for Ameribank. Id.

**Discussion**

There is an exhaustion of remedies requirement contained with 12 U.S.C. § 1821(d), "Powers and duties of Corporation as conservator or receiver," which limits judicial review as follows:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over-- (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).

Claims that fall into these categories are subject to the exhaustion requirement whether they are asserted as initial claims or as counterclaims. American First Federal, Inc. v. Lake Forest Park, Inc., 198 F.3d 1259, 1264 (11th Cir. 1999)  Thus, a court lacks subject matter jurisdiction over a claim against the assets or actions of the failed institution or receiver. Id. at 1264-65.  Here, Bristol's counterclaims for damages for breach of contract and negligent misrepresentation against the FDIC as Receiver for Ameribank are encompassed within 12 U.S.C. § 1821(d)(13)(D) and, therefore, are subject to administrative exhaustion before they can be brought in federal court.

Bristol asks the Court to stay the counterclaims during the pending administrative review period, rather than dismiss them for lack of jurisdiction.  While the stay of a counterclaim against the receiver may be appropriate where a claim is already pending against a depository institution when it is placed under receivership, see Simms v. Biondo, 785 F.Supp. 322 (E.D.N.Y. 1992), the claim must be dismissed for lack of subject matter jurisdiction where it is filed against the receiver after the receiver is appointed. Id.; see also American First Federal, Inc., 198 F.3d at 1265; Coston v. Gold Coast Graphics, Inc., 782 F.Supp. 1532 (S.D. Fla. 1992).  Here, Bristol did not file its counterclaim until after the appointment of the FDIC as receiver. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows: the FDIC's Motion to Dismiss the Counterclaim filed by  Defendant /Counter-Plaintiff/Third-Party Plaintiff Bristol (DE 14) is **GRANTED.**  Bristol's counterclaim is hereby dismissed without prejudice for lack of subject

matter jurisdiction.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 4th day of May, 2009.

$\qquad$
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record